UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DUNYA SORO,<br><br>                                    Plaintiff,<br><br>v.<br><br>FCA US, LLC; CARL BURGERS DODGE CHRYSLER JEEP RAM WORLD; and DOES 1 through 10, inclusive,<br><br>                                    Defendants. | Case No.:  25-cv-02200-GPC-SBC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT FCA US, LLC'S MOTION FOR JUDGMENT ON THE PLEADINGS.**<br><br>**[ECF No. 12]** |

This case involves alleged vehicle defects in a 2017 Ram 1500 truck. Currently before the Court is Defendant FCA US, LLC's ("FCA") motion for judgment on the pleadings. The Court finds the matter suitable for decision on the papers under Civil Local Rule 7.1(d)(1) and vacates the hearing set for February 20, 2026. For the reasons outlined below, the Court grants FCA's motion, in part, and denies the motion, in part.

//

//

//

1

## BACKGROUND

### I.      Factual Background

On February 18, 2017, Plaintiff entered a warranty contract with Defendant FCA regarding a 2017 Ram 1500 truck ("vehicle") equipped with a 3.6L engine. ECF No. 1-2, ¶¶ 7, 64. The vehicle was manufactured by Defendant FCA and sold to Plaintiff by a third-party dealer. *Id.*

Plaintiff claims that 2017 Ram 1500s with a 3.6L engine have an engine defect that can cause loss of power, stalling, misfires, and more, such that a driver may suddenly lose ability to control the vehicle. *Id.* ¶¶ 16-17. The defect also renders the 2017 Ram 1500s susceptible to non-collision vehicle fires. *Id.* ¶ 17. Plaintiff alleges that her vehicle manifested transmission defects, electrical defects, and other defects within the express warranty period. *Id.* ¶¶ 12-13. Though Plaintiff alleges that such defects impaired her vehicle's use, value, and safety during the warranty period, she does not detail what symptoms of the defects her vehicle actually displayed. *Id.* ¶ 12-13.

Plaintiff claims that FCA knew, prior to her purchase of the vehicle, that 2017 Ram 1500s equipped with the 3.6L engine had an engine defect, yet actively concealed such information from consumers, including Plaintiff. *Id.* ¶ 15-16, ¶ 25. Plaintiff further alleges that, had she known of the defect, Plaintiff would not have purchased the vehicle or would have paid less for it. *Id.* ¶ 24.

Lastly, because the defect could not be known or reasonably discovered by Plaintiff prior to purchase, *id.* ¶ 22, Plaintiff alleges that she discovered FCA's alleged wrongful conduct "shortly before" filing her complaint in this action, *id.* ¶ 37.

### II.     Procedural Background

Plaintiff filed her complaint on January 30, 2025, in San Diego Superior Court. ECF No. 1-2, at 2. In her complaint, Plaintiff alleges four violations of the Song-Beverly Consumer Warranty Act ("Song-Beverly") against FCA, including: (1) failure to timely replace the vehicle or make restitution Plaintiff pursuant to California Civil Code §

1793.2(d); (2) failure to commence repairs of her vehicle within a reasonable time and repair the vehicle to conform with the applicable warranties within thirty days pursuant to California Civil Code § 1793.2(b); (3) failure to make available to its repair facilities sufficient service literature and replacement parts to effect repairs during the express warranty period pursuant to California Civil Code § 1793.2(a)(3); and (4) breach of the implied warranty of merchantability pursuant to California Civil Code §§ 1791.1, 1794, and 1795.5. ECF No. 1-2, ¶¶ 39-57. Plaintiff also alleges that FCA committed fraudulent inducement by concealment by failing to disclose the existence of the alleged engine defect. *Id.* ¶¶ 63-71.  Plaintiff seeks general damages, restitution, punitive damages, and reasonable attorneys' fees. ECF No. 1-2, at 14.

On August 25, 2025, FCA removed the case from the superior court to this Court based on diversity jurisdiction. ECF No. 1, at 2. That same day, FCA filed an answer to Plaintiff's complaint. ECF No. 2.

On November 18, 2025, FCA filed a motion for judgment on the pleadings on the grounds that (1) Plaintiff's claims are untimely, and (2) Plaintiff has failed to adequately plead the merits of her fraud claim.[1] ECF No. 12-1, at 10-11.[2] On January 12, 2026, Plaintiff filed a response in opposition to FCA's motion, ECF No. 18, to which FCA replied on January 30, 2026, ECF No. 21.

**LEGAL STANDARD**

---

[1] FCA concurrently filed a request for judicial notice as to five other state court complaints against Defendant FCA filed by Plaintiff's counsel containing "identical" allegations. ECF No. 13. Because Plaintiff does not oppose the request for judicial notice and the publicly filed state court pleadings are documents properly subject to such notice, the Court takes judicial notice of the existence of the state court complaints. *See Harris v. County of Orange*, 682 F.3d 1126, 1132, 1132 (9th Cir. 2012).

[2] Page numbers reflect CM/ECF pagination.

25-cv-02200-GPC-SBC

A party may move for judgment on the pleadings pursuant to Federal Rule of Civil Procedure ("Rule")[3] 12(c) "after pleadings are closed—but early enough not to delay trial." Fed. R. Civ. P 12(c). When considering a motion for judgment on the pleadings, a court "must accept all factual allegations in the complaint as true and construe them in the light most favorable to the non-moving party." *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009) (quoting *Turner v. Cook*, 362 F.3d 1219, 1225 (9th Cir. 2004)). The movant is entitled to judgment only where it has been "clearly established on the face of the pleadings that no material issue of fact remains to be resolved." *Hal Roach Studios, Inc. v. Richard Feiner and Co, Inc.*, 896 F.2d 1542, 1550 (9th Cir. 1989). The "analysis under Rule 12(c) is 'substantially identical' to analysis under Rule 12(b)(6) because, under both rules, 'a court must determine whether the facts alleged in the complaint, taken as true, entitle the plaintiff to a legal remedy.'" *Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012) (quoting *Brooks v. Dunlop Mfg. Inc.*, No. C 10-04341, WL 6140912 at *3 (N.D. Cal. Dec. 9, 2011)).

When the parties dispute the timeliness of a plaintiff's claims, a claim should not be dismissed under Rule 12 on the ground that it is barred by the applicable statute of limitations "unless it appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim." *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010) (quoting *Supermail Cargo, Inc. v. U.S.*, 68 F.3d 1204, 1206 (9th Cir.1995)).

Courts have discretion in appropriate cases to grant a Rule 12(c) motion with leave to amend, or to simply grant dismissal of the action instead of entry of judgment. *See Special Dist. Risk Mgmt. Auth. v. Munich Reinsurance Am., Inc.*, 562 F. Supp. 3d 989, 994 (E.D. Cal. 2021); *Lonberg v. City of Riverside*, 300 F. Supp. 2d 942, 945 (C.D. Cal. 2004).

---

[3] "Rule" or "Rules" refer to the Feral Rules of Civil Procedure unless otherwise noted.

Dismissal without leave to amend is appropriate only when the Court is satisfied that an amendment could not cure the deficiency. *Harris v. Cnty. of Orange*, 682 F.3d 1126, 1135 (9th Cir. 2012).

### DISCUSSION

FCA first argues that Plaintiffs' Song-Beverly Act claims are time-barred under California Code of Civil Procedure § 871.29 *et seq.*, which was enacted on January 1, 2025, and imposes a six-year time limitation on certain Song-Beverly claims. ECF No. 12-1, at 10. FCA also asserts the following statute of limitations arguments, arguing that (1) Plaintiff's express warranty Song-Beverly claims are barred by the four-year statute of limitations outlined in California Commerce Code § 2725; (2) Plaintiff's breach of the implied warranty of merchantability claim is barred by the one-year statute of limitations in California Civil Code § 1791.1(c); and (3) Plaintiff's fraudulent inducement by concealment claim is barred by the three-year statute of limitations under California Code of Civil Procedure § 338(d). *Id.*

In addition to its timeliness arguments, FCA alleges that Plaintiff's fraud claim is insufficiently pled and is barred by the economic loss doctrine. ECF No. 12-1, at 20-25.

### I. Plaintiff's Song-Beverly Claims Are Not Clearly Barred by § 871.21

FCA first argues that Plaintiff's Song-Beverly causes of action—claims one through four—are barred by the six-year outer time limit codified in California Civil Procedure Code § 871.21.

//

//

### A. Section 871.21 – Six-Year Bar

California Code of Civil Procedure § 871.21, which FCA argues is a statute of repose, went into effect on January 1, 2025. The statute reads: "[A]n action covered by Section 871.20 shall not be brought later than six years after the date of original delivery of the motor vehicle." Cal. Civ. Proc. Code § 871.21(b). The statute goes on to state that

5

the six-year time period "shall be tolled as follows": (1) as provided by the tolling requirements prescribed in California Civil Corde 1793.22(c), which relates to third party dispute resolution; (2) for the time a vehicle "is out of service by reason of repair for any nonconformity"; and (3) for the time after a pre-suit notice is provided to the manufacturer. Cal. Civ. Proc. Code. § 871.21(c)(1)-(3).

Defendant argues that § 871.21 is a statute of repose. "Statutes of repose effect a legislative judgment that a defendant should be free from liability after the legislatively determined period of time." *PGA W. Residential Assn., Inc. v. Hulven Internat., Inc.*, 14 Cal. App. 5th 156, 176 (2017), *as modified* (Aug. 23, 2017) (quoting *CTS Corp. v. Waldburger*, 573 U.S. 1, 8 (2014)). A statute of repose is, therefore, "harsher than a statute of limitations in that it cuts off a right of action after a specified period of time, irrespective of accrual or even notice that a legal right has been invaded." *Id.* (quoting *McCann v. Foster Wheeler LLC*, 48 Cal. 4th 68, 78 n.2 (2010)); *see also Inco Dev. Corp. v. Superior Ct.*, 131 Cal. App. 4th 1014, 1020 (2005) ("A statute of repose has nothing to do with the date of injury, but bars all suits after the expiration of a specified time from the manufacture or delivery of a product."). Further, unlike statutes of limitations, "substantive statutes of repose are generally not subject to statutory equitable tolling." *PGA W. Residential Assn., Inc.*, 14 Cal. App. at 221. At this juncture, the Court need not and does not decide whether § 871.21 is a statute of repose or whether the six-year bar outlined therein is subject to statutory or equitable tolling.

### B. Applicability of the Six-Year Bar to Plaintiffs' Claims

The parties make several arguments regarding the applicability of the six-year time bar outlined in § 871.21 to Plaintiff's Song-Beverly claims.

FCA argues that the application of the statute is simple: Section 871.21 holds that an action for restitution or replacement of a vehicle shall not be brought later than six years after the original delivery date of the vehicle. *See* ECF No. 12, at 13-14; Cal Code Civ. Proc. § 871.21. The statute went into effect January 1, 2025. Cal Code Civ. Proc. § 871.21.

Plaintiff filed this complaint—which seeks restitution for a vehicle purchased on February 18, 2017—on January 30, 2025. ECF No. 1-2, at 2. Thus, FCA argues, § 871.21 applies to Plaintiff's complaint, and Plaintiffs' claims—brought eight years after original delivery of the vehicle—are barred. ECF No. 12-1, at 13-14.

Plaintiff argues that, per the statutory language, the six-year time restraint would not apply to Plaintiff's third and fourth causes of action. *Id.* at 11-12. Further, Plaintiff argues that Song-Beverly Act claims filed prior to July 1, 2025, are unaffected by § 871.21, as applying the statute to such claims would amount to a retroactive application of the law. *Id.* at 12-14.

### 1. All of Plaintiff's Song-Beverly Claims Are Contemplated by § 871.21

Plaintiff argues that the six-year time bar outlined in § 871.21 cannot apply to her third or fourth causes of action, because Plaintiff brings those causes of action under statutes not identified in § 870.20. The Court disagrees.

Section 871.21 applies only to actions "covered by Section 871.20." Cal. Code Civ. Proc. § 871.21(a). Section 871.20 specifies that it applies to "[a]ctions . . . seeking restitution or replacement of a motor vehicle pursuant to . . . Section 1794 of the Civil Code." Cal. Code Civ. Proc. § 871.20(a).

While Plaintiffs third and fourth causes of actions allege violations of Civil Code § 1739.2(a)(3) and § 1792, respectively, *see* ECF No. 1-2, ¶¶ 53-57, in both causes of action, Plaintiff asserts that she "brings this cause of action pursuant to Civil Code section 1794." *Id.* ¶¶ 51, 57.

Section 871.20 specifically applies to actions seeking restitution or replacement of a vehicle—which Plaintiff does—brought pursuant to the Civil Code § 1794. Cal. Code Civ. Proc. § 871.20(a). Thus, Plaintiffs' attempt to parse these causes of actions as independent from those contemplated by § 871.20(a) is unavailing.

However, that all of Plaintiff's Song-Beverly claims are the types of claims contemplated by § 871.20(a) is not dispositive of the issue of whether they are barred by the six-year limitation in § 871.21.

### 2. Sections 871.20, 871.29, and 871.30 – Manufacturer Election

Plaintiff argues Defendant's ability to invoke § 871.21's six-year time-bar is "contingent on whether it opted into" statutory coverage. ECF No. 18, at 12. The Court will first analyze the statutory framework governing such manufacturer election. It will then assess whether the pleadings demonstrate that FCA has made such an election.

#### a. Section 871.20

Section 871.21 specifically applies only to actions covered by § 871.20. Section 871.20(a) reads:

> Notwithstanding any other law, this *chapter applies to an action, brought against a manufacturer who has elected under Section 871.29 to proceed under this chapter*, seeking restitution or replacement of a motor vehicle pursuant to subdivision (b) or (d) of Section 1793.2, Section 1793.22, or Section 1794 of the Civil Code, or for civil penalties pursuant to subdivision (c) of Section 1794 of the Civil Code, where the request for restitution or replacement is based on noncompliance with the applicable express warranty.

Cal. Code Civ. Proc. § 871.20(a) (emphasis added).

This section specifically notes that the Chapter—namely, Chapter 12 of the California Code of Civil Procedure, Actions for Restitution for or Replacement of Certain Motor Vehicles, hereinafter "the Chapter"—applies to certain claims seeking restitution or replacement of a motor vehicle brought under the Song-Beverly Act, Cal. Civ. Code §§ 1790 *et seq*. Section 871.20 further provides that the Chapter applies only to actions brought against a manufacturer "who has elected under Section 871.29 to proceed under this chapter[.]" Cal. Code Civ. Proc. § 871.20(a).

#### b. Sections 871.29-30

8

Section 871.29(c), effective as of April 2, 2025, states that §§ 871.20 through 871.28 shall not apply to actions described in § 871.20 unless a manufacturer elects to be governed by these statutes. Cal. Code Civ. Proc. § 871.29(c).

As applied to sales made before the statutes went into effect, § 871.30 states that "a manufacturer may elect to be governed by this chapter for all actions described in . . . Section 871.20 with respect to all of its motor vehicles sold in the year 2025 and in all prior years by providing written notice . . . to the Arbitration Certification Program." Cal. Code Civ. Proc. § 871.30(a). Of relevance in this case, the statute continues:

> Unless a manufacturer has made the election described in subdivision (a), Sections 871.20 to 871.28, inclusive, shall not apply to an action described in subdivision (a) of Section 871.20, *including actions already filed between January 1, 2025 and the effective date of the act adding this section*, with respect to all of its vehicles sold new in the year 2025 and in all prior years.

Cal. Code Civ. Proc. § 871.30(c) (emphasis added).

### i. It Is Not Clear on the Face of the Complaint that FCA Timely Elected to Proceed under the Chapter

The parties argue at length regarding whether the applicability of § 871.20 to Plaintiffs' claims would constitute a retroactive or prospective application. *See* ECF No. 18, at 11-14l ECF No. 21, at 7-9. At this time, the Court need not resolve the limits of § 871.20's applicability, because even if § 871.21 might apply to Plaintiff's claims, the complaint does not reveal that FCA timely elected to be governed by the statute.

Section 871.30(a) asserts that a manufacturer "may elect" to be governed by the Chapter "with respect to all of its motor vehicles sold in the year 2025 and in all prior years." Cal. Code Civ. Proc. § 871.30(a). The statute goes on to clarify that, if a manufacturer did not elect to be covered by the Chapter by May 2, 2025, sections 871.20 through 871.28 would not apply to an action for restitution or reimbursement for a vehicle "filed between January 1, 2025 and [April 2, 2025], with respect to all of its vehicles sold new in the year 2025 and in all prior years." Cal. Code Civ. Proc. § 871.30(c).

9

Thus, even if the Court found § 871.21 applies to Plaintiff's claims, the statute's impact on Plaintiff's claims is not automatic. Indeed, the six-year limitation of § 871.21 would only apply to Plaintiff's complaint—which was "already filed between January 1, 2025 and [April 2, 2025]" and applies to a vehicle purchased prior to 2025, Cal. Code Civ. Proc. § 871.30(c)—if FCA elected via written notice to proceed under the Chapter by May 2, 2025.

It is not plain on the face of the complaint whether FCA timely elected to proceed under the Chapter. Thus, there exists a set of facts where Plaintiff's claims are not subject to the six-year bar outlined in § 871.21. Accordingly, dismissal on the grounds that Plaintiff's claims are time-barred under § 871.21 is unwarranted.

### 3. Plaintiff's Claims May Be Tolled Under § 871.20

Even applying § 871.21 to Plaintiff's claims, Plaintiff's claims are still not clearly barred.

As noted above, the parties dispute the applicability of equitable tolling doctrines to the six-year period outlined in § 871.21. ECF No. 18, at 14; ECF No. 21, at 10-11. However, at minimum, § 871.21 is subject to the tolling provisions enumerated within the statute itself, including tolling "[f]or the time the motor vehicle is out of service by reason of repair for any nonconformity." Cal. Code Civ. Proc. § 871.21(c)(2).

Plaintiff has alleged that she sought multiple services and repairs of her vehicle. *See, e.g.*, ECF No. 1-2, ¶ 37 ("[T]he Vehicle continued to exhibit symptoms of defects following FCA's unsuccessful attempts to repair them"); *Id.* ¶ 40 ("FCA and its representatives . . . have been unable to service or repair the Vehicle to conform to the applicable express warranties after a reasonable number of repair opportunities."). Thus, the complaint indicates that there were periods of time during which the vehicle was out of service by reason of repair for a nonconformity, thereby tolling the six-year period.

While it seems unlikely that the vehicle would have been "out of service by reason of repair" for two years—the amount of time necessary to bring Plaintiff's claim within the

six-year period prescribed by § 871.21—it is not impossible. Given Plaintiff's allegations, the court cannot say that there is no set of facts which would render Plaintiff's claims timely. *See Von Saher*, 592 F. 3d at 969.

Accordingly, the Court will not dismiss Plaintiff's Song-Beverly claims—claims one through four—on the grounds that they are barred by the six-year period outlined in California Code of Civil Procedure § 871.21.

## II.   Timeliness of Plaintiff's Song-Beverly Act Claims – Claims I-IV

In addition to arguing that Plaintiff's Song-Beverly claims are barred under § 871.21, FCA also alleges that Plaintiff's Song-Beverly claims are barred by the applicable statutes of limitations. Federal courts sitting in diversity apply state statutes of limitations, including tolling rules, *see Guaranty Trust Co. of New York v. York*, 326 U.S. 99, 110 (1945), but federal pleading standards, *see Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1102–03 (9th Cir. 2003).

The Court remains mindful of the fact that, when a defendant seeks Rule 12 dismissal on the grounds that a claim is time-barred, a court should do so only when there is no set of facts that would establish the timeliness of plaintiff's complaint. *Von Saher*, 592 F. 3d at 969.

### A. Statute of Limitations

Plaintiff's claims under the Song-Beverly Act allege violations of the Act's express warranty provisions—claims one through three—and the implied warranty of merchantability—claim four. "The Song–Beverly Act does not include its own statute of limitations." *Mexia v. Rinker Boat Co., Inc.*, 174 Cal. App. 4th 1297, 1305–06 (2009). "Accordingly, 'California courts have held that the statute of limitations for an action for breach of warranty under the Song-Beverly Act is governed by . . . section 2725 of the Uniform Commercial Code.'" *Dale*, 2025 WL 2912627, at *2 (quoting *Mexia*, 174 Cal. App. 4th at 1306). Thus, Song-Beverly claims "are subject to a four-year statute of

25-cv-02200-GPC-SBC

limitations period that commences when the action accrues." *Schick v. BMW of N. Am., LLC*, 801 F. App'x 519, 520 (9th Cir. 2020).

### 1. Express Warranty Claims – Claims I-III

FCA argues that Plaintiff's express warranty claims are untimely because they were made more than four years after delivery of the vehicle. ECF No. 12-1, at 15-17.

Generally, a cause of action for breach of a contract for sale "accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach. A breach of warranty occurs when tender of delivery is made[.]" Cal. Com. Code. § 2725(2). However, an exception provides that, "where a warranty explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance the cause of action accrues when the breach is or should have been discovered." *Id.*

The warranties at issue here provide for repair of Plaintiff's vehicle for five years after delivery. *See* ECF No 1-2, at 18; ECF No. 12, at 16. California courts have held that "[a] promise to repair defects that occur during a future period is the very definition of express warranty of future performance" under both the Song-Beverly Act and the California Uniform Commercial Code. *Krieger v. Nick Alexander Imports, Inc.*, 234 Cal. App. 3d 205, 217 (1991)[4]; *see also Paplekaj v. FCA US, LLC*, No. 24-CV-1717-MMA-VET, 2025 WL 863472, at *3 (S.D. Cal. Mar. 19, 2025).

---

[4] FCA argues that Plaintiff misreads *Krieger* by stating that the warranty at issue here—which provides for "cost of all parts and labor needed to repair a powertrain [i.e. engine] component . . . that is defective in workmanship and materials" for a period of five years or 60,000 miles, ECF No. 102, at 25—is a warranty of future performance. The Court disagrees. In *Krieger*, the defendant specifically argued, as FCA does here, that "it did not promise that its automobiles would perform satisfactorily during the warranty period. Instead, it claims that it only promised to repair any defects which occurred." 234 Cal. App. 3d, at 217. The Court responded as follows:

12

Plaintiff took delivery of the vehicle on February 18, 2017. ECF No. 1-2, ¶ 7. As such, Plaintiff's cause of action under the Song-Beverly Act for violation of the express warranty accrued no later than February 18, 2022, the last day of the applicable warranty. *See Ngo v. BMW of N. Am. LLC*, No. CV 20-06197-MWF (GJSX), 2025 WL 819568, at*5 (C.D. Cal. Feb. 11, 2025) (quoting 2 The Law of Product Warranties § 11:4 (2024)) ("Where an express warranty guarantees performance for a defined term . . . 'the four-year clock begins to tick when the breach is discovered or should have been discovered, or when the explicit time period expires, whichever occurs first.'"). Thus, February 18, 2022, is the latest that the four-year Song-Beverly statute of limitations began to run, subsequently expiring no later than February 18, 2026. *See*, *e.g.*, *Flat v. Ford Motor Co.*, 678 F. Supp. 3d 1138, 1140 (N.D. Cal. 2023); *Yetter v. Ford Motor Co.*, No. 19-CV-00877-LHK, 2019 WL 3254249, at *4 (N.D. Cal. July 19, 2019). Because Plaintiff filed this complaint within that window, her express warranty causes of action are not time-barred on their face.

### a. Delayed Discovery Tolling

> A promise to repair defects that occur during a future period is the very definition of express warranty of future performance, not only under the [Song-Beverly] Act (Civ.Code, § 1791.2), but also in the California Uniform Commercial Code section 2313. Civil Code section 1791.2 defines an express warranty under the [Song-Beverly] Act to include "[a] written statement arising out of a sale to the consumer of a consumer good pursuant to which the manufacturer, distributor, or retailer undertakes to preserve or maintain the utility or performance of the consumer good or provide compensation if there is a failure in the utility or performance[.]" The promise to repair in this case is plainly within this definition.

Thus, a plain reading of *Krieger* leads the Court to find that the warranty at issue here is an express warranty of future performance.

25-cv-02200-GPC-SBC

Defendant argues that Plaintiff's allegations are insufficient to invoke the "discovery rule" and toll the accrual of her claims past tender of delivery. ECF No. 12-1. Defendant is correct that, "[g]enerally, to invoke [the delayed discovery exception] to the statute of limitations, the plaintiff must specifically plead facts which show (1) the time and manner of discovery and (2) the inability to have made earlier discovery despite reasonable diligence." *Yumul v. Smart Balance, Inc.*, 733 F. Supp. 2d 1134, 1141 (C.D. Cal. 2010). However, such a pleading standard is only required "when the 'complaint shows on its face that [the] claim would be barred without the benefit of the discovery rule.'" *Balanzar v. Fid. Brokerage Servs., LLC*, 654 F. Supp. 3d 1075, 1083 n.4 (S.D. Cal. 2023) (quoting *Harrison v. Great HealthWorks, Inc.*, 2017 WL 2554448, at *3 (S.D. Cal. June 13, 2017)). Here, the face of the complaint shows that Plaintiff's claim may have accrued as late as February 18, 2022, thereby triggering the four-year statute of limitations. Thus, the express warranty claims—claims one through three—are not untimely on their face. *But see Paplekaj*, 2025 WL 863472, at *3 (S.D. Cal. Mar. 19, 2025) (requiring Plaintiff to satisfy requirements of "discovery rule" to take advantage of later date of accrual based on an express warranty for future performance).

Plaintiff's complaint could certainly be more precise about exactly how and when Plaintiff discovered the defect and what the symptoms of the defect were. Indeed, Plaintiff does not allege any dates other than the date of sale. Down the line, Plaintiff will be required to provide additional evidence in support of the timeliness of her claims. However, at this point, Plaintiff's express warranty claims are not clearly barred by the statute of limitations and will not be dismissed as such. *See Von Saher*, 592 F. 3d at 969. Accordingly, the Court DENIES FCA's motion for judgment on the pleadings as to Plaintiff's express warranty claims—claims one through three.

### 2. Breach of the Implied Warranty of Merchantability – Claim IV

FCA argues that Plaintiff's claim for breach of implied warranty of merchantability is untimely because Plaintiff brought her claim more than one year after purchase. ECF

14

No. 12-1, at 17 (citing Civil Code § 1791.1(c)). Plaintiff argues that the statute of limitations did not begin to run until she discovered the defect. ECF No. 18, at 18.

A cause of action for a breach of implied warranty accrues when the breach occurs. Cal. Com. Code. § 2725(2). "Typically, a breach of the implied warranty of merchantability occurs at the date of sale," *Flat*, 678 F. Supp. 3d at 1141, and implied warranty claims must be brought within four years of the date when the breach occurred, *Clenney v. FCA US LLC*, No. 22-CV-00547-VC, 2022 WL 2197074 (N.D. Cal. June 20, 2022) (citing Cal. Com. Code § 2725(1)). However, the Song-Beverly Act provides that—when accompanied by an express warranty of future performance spanning one year or longer—the duration of the implied warranty of merchantability may extend to a period of not more than one year after purchase. Cal. Civ. Code § 1791.1(c); *See also Flat*, 678 F. Supp. 3d at 1141. This provision has been held to extend an implied warranty to future performance, such that "the implied warranty of merchantability may be breached by a latent defect undiscoverable at time of sale." *Mexia*, 174 Cal. App. 4th at 1308. While such breach must occur within the one-year time limit set forth in § 1791.1(c), it need not be discovered or reported within such a period. *Flat*, 678 F. Supp. 3d at 1141; *Mexia*, 174 Cal. App 4th at 1297 (noting that while the duration provision of § 1791.1(c) provides that an implied warranty of merchantability may not extend longer than one year, "[t]here is nothing that suggests a requirement that the purchaser discover and report to the seller a latent defect within that time period."). "In the case of a latent defect . . . the warranty of merchantability is breached, by the existence of the unseen defect, not by its subsequent discovery." *Mexia*, 174 Cal. App. 4th at 1305.

Here, the express warranty was five years, so the implied warranty was extended to its outer limit of one year per § 1791.1(c). *See Flat*, 678 F. Supp. 3d at 1141. Thus, any breach of the warranty must have occurred on or before February 18, 2018—whether Plaintiff discovered the breach during that period or after—and the four-year statute of limitations period on the implied warranty claim expired no later than February 18, 2022.

*See id*. Therefore, Plaintiff's claim for the breach of the implied warranty of merchantability is untimely on its face.

### a. Delayed Discovery Tolling

Plaintiff argues that the discovery rule applies to her implied warranty claim, such that the statute of limitations began to run at her discovery of the breach, not at tender nor at some other point within durational limit of § 1791.1(c). ECF No. 18, at 18-21. Courts in California "are split on whether the delayed discovery rule applies to implied warranty claims." *Flat*, 174 Cal. App. 4th at 1141. *Compare Clenney v. FCA US LLC*, No. 22-CV-00547-VC, 2022 WL 2197074, at *2 (N.D. Cal. June 20, 2022) ("[T]he statute of limitations for implied warranty claims does not run at tender. It runs at discovery."), *with Covarrubias v. Ford Motor Co.*, No. 19-CV-01832-EMC, 2019 WL 2866046, at *3 (N.D. Cal. July 3, 2019) (concluding the delayed discovery rule is inapplicable to implied warranty claims). *See also Paplekaj*, 2025 WL 863472, at *5 n.10 (discussing split and comparing California state court cases); *Cavale v. Ford Motor Co.*, No. 18-CV-00680-LJO-BAM, 2018 WL 3811727, at *3 n.5 (E.D. Cal. Aug. 9, 2018) (discussing split and comparing California federal court cases).

Assuming without deciding that the delayed discovery rule applies to Plaintiff's implied warranty claim, Plaintiff has failed to properly invoke the rule. "For the discovery rule to apply, the plaintiff 'must specifically plead facts to show (1) the time and manner of discovery and (2) the inability to have made earlier discovery despite reasonable diligence.'" *Flat*, 678 F. Supp. 3d at 1140 (quoting *Fox v. Ethicon Endo-Surgery, Inc.*, 35 Cal. 4th 797, 807 (2005)). Here, Plaintiff's complaint is devoid of factual allegations indicating the time or manner of discovery of the engine defect, other than asserting that Plaintiff discovered FCA's wrongdoing "shortly before" filing this complaint. ECF No. 1-2, ¶ 37. The complaint also does not plead facts showing that Plaintiff exercised due diligence in discovering the defect and was not negligent in failing to discover it sooner. *See generally* ECF No. 1-2. Thus, Plaintiff is unable to invoke the discovery rule, and her

16

claim is untimely on its face. Plaintiff's cause of action for breach of the implied warranty of merchantability is DISMISSED without prejudice and with leave to amend.

Though the claim is dismissed on timeliness grounds, the Court notes that FCA—relying on *Burr v. Sherwin Williams Co.*, 42 Cal. 2d 682, 695 (1954)—also argues that Plaintiff's implied warranty claim fails because there is no privity of contract between Plaintiff and FCA. ECF No. 12-1, at 17. This argument has been regularly rejected by California federal courts as applied to Song-Beverly claims. *See*, *e.g.*, *Pirtle v. FCA US, LLC*, No. 2:25-CV-03257-JAK (MARX), 2025 WL 4058236 (C.D. Cal. Dec. 8, 2025); *Dale v. FCA US, LLC*, No. 2:25-CV-00868 WBS JDP, 2025 WL 2912627 (E.D. Cal. Oct. 14, 2025); *Ehrlich v. BMW of N. Am., LLC*, 801 F. Supp. 2d 908, 921 (C.D. Cal. 2010). This Court joins others in finding that the privity requirement FCA invokes in citing *Burr* applies to a provision of California's Civil Code not at issue here. *See Dale*, 2025 WL 2912627, at *4; *Pirtle*, 2025 WL 4058236, at *7. Further, the plain language of the Song-Beverly Act does not impose a vertical privity requirement. *Id.* The weight of authority finds that "[t]he privity requirement is not required for an implied warranty of merchantability claim brought under California's Song–Beverly Act." *Allen v. Similasan Corp.*, 96 F. Supp. 3d 1063 (S.D. Cal. 2015). Thus, FCA's privity argument is unpersuasive.

### III.   Fraudulent Inducement by Concealment – Claim VI

FCA asserts that Plaintiff's fraud claim is both untimely and inadequately pled. ECF No. 12-1, at 18-25. The Court agrees.

### A. Statute of Limitations

FCA argues that Plaintiff's fraud claim is barred by the three-year statute of limitations of California Code of Civil Procedure § 338(d). ECF No. 12, at 9. Plaintiff counters that the fraud statute of limitations did not begin to run until Plaintiff discovered the facts constituting fraud. ECF No. 18, at 21.

The statute of limitations for fraud is three years. Cal. Code Civ. Proc. § 338(d). *See also Kline v. Turner*, 87 Cal. App. 4th 1369, 1373 (2001) ("An action for relief on the grounds of fraud or mistake must be commenced within three years."). In California, "[t]he discovery rule is applied to fraud actions by statute." *Cansino v. Bank of America*, 224 Cal. App. 4th 1462, 1472 (2014) (citing Cal. Code Civ. Proc. § 338(d)). Thus, a fraud cause of action "is not deemed to have accrued until the discovery, by the aggrieved party, of the facts constituting the fraud or mistake." Cal. Code Civ. Proc. § 338(d). "The courts interpret discovery in this context to mean not when the plaintiff became aware of the specific wrong alleged, but when the plaintiff suspected *or should have suspected* that an injury was caused by wrongdoing. The statute of limitations begins to run when the plaintiff has *information which would put a reasonable person on inquiry*. Wrong and wrongdoing in this context are understood in their lay and not legal senses." *Kline v. Turner* (2001) 87 Cal.App.4th 1369, 1374 (emphasis added).

Accordingly, if an action is brought more than three years after the commission of a fraud, a plaintiff must plead (1) that she did not make the discovery until within three years prior to the filing of the complaint, (2) that she was not negligent in failing to discover the fraud sooner, and (3) facts showing the time and surrounding circumstances of the discovery and what the discovery was. *Cansino*, 224 Cal. App. 4th at 1472; *see also Hobart v. Hobart Est. Co.*, 26 Cal. 2d 412, 437 (1945) ("[A] plaintiff must affirmatively excuse her failure to discover the fraud within three years after it took place, by establishing facts showing that he was not negligent in failing to make the discovery sooner and that he had no actual or presumptive knowledge of facts sufficient to put him on inquiry").

Here, Plaintiff alleges that FCA's fraud occurred at the time of sale, which is more than three years before Plaintiff filed this complaint. *See* ECF No. 1-2, ¶ 64. Thus, the cause of action is untimely on the face of the complaint and, for Plaintiff's claim to survive, some tolling doctrine must apply. *See*, *e.g.*, *Perez v. Gen. Motors LLC*, No. 19-cv-00038, 2019 WL 3766613, at *2 (S.D. Cal. Aug. 9, 2019) (concluding that the running of the statute

18

was "apparent on the face of the complaint" where the plaintiff alleged fraud at the time of purchase but filed a complaint more than three years later); *Yetter v. Ford Motor Co.*, 428 F. Supp. 3d 210, 221 (N.D. Cal. 2019) (noting that the fraud claim "appear[ed] to have expired" three years after the vehicle's purchase).

### 1. Delayed Discovery Tolling

Plaintiff alleges that delayed discovery tolling applies to her fraud claim. ECF No. 18, at 22. However, as discussed above, Plaintiff does not provide any facts relating to the time or surrounding circumstances of her discovery of the defect or FCA's alleged fraud. She alleges only that she discovered FCA's wrongdoing "shortly before" filing this complaint. ECF No. 1-2, ¶ 37. She also does not plead any facts demonstrating that she exercised due diligence in uncovering the alleged defect and fraud such that she was not negligent in failing to discover it earlier. As with her implied warranty claim, Plaintiff has failed to plead facts sufficient to invoke the delayed discovery rule. The majority of California federal courts to consider nearly identical complaints have also found such allegations insufficient to toll the fraud statute of limitations. *See Pirtle v. FCA US, LLC*, No. 2:25-CV-03257-JAK (MARX), 2025 WL 4058236, at *9 (C.D. Cal. Dec. 8, 2025); *Irish v. FCA US, LLC*, No. 5:24-CV-02726-AB-DTB, 2026 WL 252490, at *4 (C.D. Cal. Jan. 16, 2026); *Vanella v. Ford Motor Co.*, No. 3:19-CV-07956-WHO, 2020 WL 887975, at *4-*5 (N.D. Cal. Feb. 24, 2020); *Sarkesian v. Ford Motor Co.*, No. 22-CV-00966-AJB-MDD, 2022 WL 20033381, at *3-*4 (S.D. Cal. Nov. 1, 2022); *Morse v. Ford Motor Co.*, No. 22-CV-03041-SSS-JCX, 2023 WL 3150097, at *3 (C.D. Cal. Feb. 10, 2023); *Yetter*, 428 F. Supp. 3d at 222-25. *But see Dale*, 2025 WL 2912627, at *2; *Meneses*, 2025 WL 2994998, at *2.

### 2. Class Action Tolling

Plaintiff next alleges that, pursuant to *American Pipe Construction Co. v. Utah*, 414 U.S. 538 (1974), class-action tolling applies to her fraud claim. ECF No. 18, at 22-23. However, Plaintiff pled such tolling without identifying what action allegedly tolls her

claim. *See*, *e.g.*, ECF No. 1-2, ¶ 36 ("[T]he limitation periods have been tolled by . . . class action tolling."). In her opposition, Plaintiff identifies the class action allegedly meriting tolling as *Maugain v. FCA*, Case No. 1:22-cv-00116 (D. Del.), filed Jan. 28, 2022. ECF No. 18, at 23-24. To the extent Plaintiff relies on this case to toll her fraud claim, the Court notes that *Maugain* was filed more than three years after the fraud allegedly occurred. Further, California federal courts have held that, "under controlling Ninth Circuit precedent, California has not recognized 'cross-jurisdictional' *American Pipe* tolling." *Yetter*, 428 F. Supp. 3d at 225 (quoting *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017 (9th Cir. 2008)). Thus, class-action tolling also fails to preserve Plaintiff's fraud claim.

Accordingly, Plaintiff's fraud claim is barred by the statute of limitations and is DISMISSED without prejudice and with leave to amend.

//

//

### B. Plaintiff's Fraud Claim Is Insufficiently Pled

While the Court must dismiss Plaintiff's fraudulent inducement by concealment claim on timeliness grounds alone, the Court also notes that Plaintiff's fraud allegations fail to satisfy the heightened pleading standard of Rule 9(b). ECF No. 12-1, at 20-22.

In California, the elements of fraud are "(1) misrepresentation (false representation, concealment, or nondisclosure); (2) knowledge of falsity (or scienter); (3) intent to defraud, i.e., to induce reliance; (4) justifiable reliance; and (5) resulting damage." *Robinson Helicopter Co. v. Dana Corp.*, 34 Cal. 4th 979, 990 (2004).

When alleging fraud, a plaintiff must meet the higher pleading standard of Rule 9(b), which requires that a party "state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). "The 'circumstances' required by Rule 9(b) are the 'who, what, when, where, and how;' of the fraudulent activity." *Rahimian v. FCA US, LLC*, No. 5:24-CV-02406-SSS-SSCX, 2025 WL 3718393, at *3 (C.D. Cal. Nov. 5, 2025) (quoting *Vess v. Ciba–Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003)). While claims

involving fraudulent concealment typically do not require the same level of specificity as, for example, a fraudulent misrepresentation claim, Plaintiff must still plead fraudulent concealment with particularity to the extent that the facts are available to him. *See Epperson v. Gen. Motors, LLC*, 706 F. Supp. 3d 1031, 1039 (S.D. Cal. 2023). For example, a plaintiff should plead the content of the omission and where it should or could have been revealed. *See Tappana v. Am. Honda Motor Co.*, 609 F. Supp. 3d 1078, 1088 (C.D. Cal. 2022).

Here, Plaintiff's allegations do not meet this bar. Plaintiff does not allege the specific issues she experienced with her vehicle. She vaguely alleges that "nonconformities" manifested "including but not limited to, engine defects, transmission defects, electrical defects, among other defects and non-conformities." ECF No. 1-2, ¶ 12. Plaintiff further alleges that the purported defect had the potential to "suddenly affect the driver's ability to control the vehicle or cause a non-collision vehicle fire," *id.* ¶ 17, but does not indicate which symptoms Plaintiff's vehicle actually displayed. *See, e.g.*, *Clark v. Am. Honda Motor Co., Inc.*, 528 F. Supp. 3d 1108, 1115 (C.D. Cal. 2021) ("[D]istrict courts in the Ninth Circuit have often held that a complaint provides fair notice of the defect if it (1) identifies the particular part or system affected by the defect, and (2) describes the problems allegedly caused by the defect."). Additionally, Plaintiff does not state when she experienced issues with her vehicle, instead vaguely alleging that nonconformities manifested "within the applicable express warranty period." *Id.* ¶ 12.

Further, Plaintiff has not alleged facts describing when or where FCA made representations to induce purchase or conceal the defect. Plaintiff generally alleges that she "interacted with FCA's sales representatives," "reviewed materials disseminated by FCA," and "considered FCA's advertisement" materials. ECF No. 1-2, at ¶ 21, 69. But she does not say when or where she spoke with representatives or reviewed materials, what the representatives and materials said, or how Plaintiff relied on such information. *See Meneses*, 2025 WL 2994998, at *3.

Lastly, Plaintiff does not provide any specificity regarding FCA's knowledge of the defects. Plaintiff alleges that, upon information and belief, FCA knew of the defect through pre-production and post-production testing data, early consumer complaints, warranty data, and repair data. ECF No. 1-2, ¶ 19. However, Plaintiff does not allege what tests FCA conducted or what they revealed. Further, the Plaintiff does not specify how many consumer complaints FCA received, when they were received, or their specific content. California federal courts considering similar allegations have largely found them insufficient to meet the heightened pleading standard of Rule 9(b). *See*, *e.g.*, *Meneses*, 2025 WL 2994998, at *3-*4 (finding similar allegations failed to satisfy the pleading standards of Rule 9(b)); *Dale*, 2025 WL 2912627, at *4-*5 (same); *Pirtle*, 2025 WL 4058236, *10 (same); *Yetter*, 428 F. Supp. 3d at 232-35 (same). *But see Ladanowsky v. FCA US LLC*, No. 24-CV-07197-JST, 2024 WL 5250357, at *4 (N.D. Cal. Dec. 30, 2024) (finding that similarly pled facts sufficiently stated a claim for fraud by omission). This Court finds the same, further warranting DISMISSAL of Plaintiff's fraud claim.[5]

---

[5] Because the Court dismisses Plaintiff's fraud claim as untimely, it need not address FCA's arguments that (1) FCA, as a matter of law, lacked a duty to disclose the alleged omission to Plaintiff because there was no transactional relationship between them, or (2) that Plaintiff's claim is barred by the Economic Loss Doctrine. ECF No. 12-1, at 25-31. However, the Court notes that multiple California federal courts have considered and rejected both arguments as applied to similar complaints. *See Ladanowsky v. FCA US LLC*, No. 24-CV-07197-JST, 2024 WL 5250357, at *3-*5 (N.D. Cal. Dec. 30, 2024) (holding (1) duty to disclose applied to manufacturer defendant and was adequately pled and (2) economic loss doctrine did not bar plaintiff's fraudulent concealment claim); *Pirtle v. FCA US, LLC*, No. 2:25-CV-03257-JAK (MARX), 2025 WL 4058236, at *10-*13 (C.D. Cal. Dec. 8, 2025) (both (1) rejecting manufacturer defendant's argument that it lacked duty to disclose as a matter of law, but finding that such duty was insufficiently pled, and (2) finding economic loss doctrine did not bar plaintiff's fraudulent inducement by concealment claim); *Meneses*, 2025 WL 2994998, at *4-*5 (same); *Yetter v. Ford Motor Co.*, No. 19-CV-00877-LHK, 2019 WL 3254249, at *7 (N.D. Cal. July 19, 2019) (economic loss doctrine did not bar similar fraudulent inducement by concealment claim);

**CONCLUSION**

For the foregoing reasons, the Court ORDERS as follows:

- The Court **DENIES** FCA's motion for judgment on the pleadings as to Plaintiff's express warranty Song-Beverly claims—claims one through three.

- The Court **GRANTS** FCA's motion for judgment on the pleadings as to Plaintiff's breach of the implied warranty of merchantability claim—claim four—as barred by the statute of limitations. The claim is **DISMISSED** without prejudice and with leave to amend.

- The Court **GRANTS** FCA's motion for judgment on the pleadings as to Plaintiff's fraudulent inducement by concealment claim—claim six—as barred by the statute of limitations and insufficiently pled under the pleading standards of Federal Rule of Civil Procedure 9(b). The claim is **DISMISSED** without prejudice and with leave to amend.

If Plaintiff wishes to file an amended complaint, she should do so within twenty (20) days of this order.

**IT IS SO ORDERED.**

Dated:  February 19, 2026

Hon. Gonzalo P. Curiel
United States District Judge

---

*Sarkesian v. Ford Motor Co*., No. 22-CV-00966-AJB-MDD, 2022 WL 20033381, at *8 (S.D. Cal. Nov. 1, 2022) (same).

25-cv-02200-GPC-SBC